Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | John W. Darrah | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7895 | **DATE** | 7/8/2004 |
| **CASE TITLE** | Giallanza vs. InterContinental Hotels Group, et. al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____.

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____.

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.

(7) ☐ Trial[set for/re-set for] on _____ at _____.

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] For the reasons stated in the attached memorandum opinion and order, defendants' motion to dismiss is denied. Enter Memorandum Opinion and Order.

(11) ■ [For further detail see order attached to the original minute order.]

| | |
|---|---|
| | No notices required, advised in open court. |
| | No notices required. |
| | Notices mailed by judge's staff. |
| | Notified counsel by telephone. |
| ✓ | Docketing to mail notices. |
| | Mail AO 450 form. |
| | Copy to judge/magistrate judge. |
| MF | courtroom deputy's initials |

Date/time received in central Clerk's Office

number of notices

JUL 12 2004
date docketed

docketing deputy initials

date mailed notice

mailing deputy initials

Document Number

6

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| LUCY GIALLANZA, ) | |
| ) | |
| Plaintiff, ) | No. 03 C 7895 |
| ) | |
| v. ) | Judge John W. Darrah |
| ) | |
| INTERCONTINENTAL HOTELS GROUP, ) | |
| INC. and HOLIDAY INN SELECT, ) | |
| ) | |
| Defendants. ) | |

DOCKETED JUL 12 2004

## MEMORANDUM OPINION AND ORDER

Plaintiff, Lucy Giallanza, filed suit against Defendants, Intercontinental Hotels Group, Inc. and Holiday Inn Select, alleging age discrimination. Presently before the Court is Defendants' Motion to Dismiss for lack of proper service.

## BACKGROUND

On November, 6, 2003, Giallanza filed a Complaint with this Court, giving her until March 5, 2004 (120 days), to properly serve the Defendants pursuant to Fed. R. Civ. P. 4. On December 1, 2003, Giallanza served Defendants' registered agents with a one-page "Alias Summons in a Civil Case" but not with a copy of the Complaint. On December 18, 2003, Defendants' counsel informed Giallanza, in a letter, about the lack of proper service and that Defendants were willing to waive service if properly served with a Waiver of Service of Summons ("Waiver") form. Giallanza alleges that the letter led her to believe that Defendants had received her Complaint and that the defects in the service process laid elsewhere.

Giallanza missed the first status conference on January 21, 2004, but attended the subsequent February 25, 2004 status conference, while Defendants were present for both. At the

6

February 25, 2004 status conference, Giallanza was again informed of the improper service; so Giallanza delivered a Waiver form on March 2, 2004, to Defendants' counsel, though not Defendants' registered agent, and without a proper date or the Complaint. Even though the 120-day deadline passed on March 5, 2004, Defendants contacted Giallanza on March 10, 2004, regarding the improper service. Giallanza responded on March 24, 2004, via electronic mail, with a Waiver form, which again was improper pursuant to Fed. R. Civ. P. 4, though this time with a proper date, but still did not include the Complaint.

## ANALYSIS

Service on a corporation is valid when it complies with Fed. R. Civ. P. 4(h), which states that service shall be effected:

> (1) in a judicial district of the United States in the manner prescribed for individuals by subdivision (e)(1), or by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process....

Additionally, Rule 4(e)(1) allows service to be effected "pursuant to the law of the state in which the district is located...." Fed. R. Civ. P. 4(e)(1). Pursuant to Illinois law, service may be perfected on a private corporation "by leaving a copy of the process with its registered agent or any officer or agent found anywhere in the State...." 735 ILCS 5/2-204.

Both the Federal Rules of Civil Procedure and Illinois law allow a plaintiff to have defendant waive service. Fed. R. Civ. P. 4(d); 735 ILCS 5/2-213. Under both of these waiver provisions, the plaintiff is required to inform the defendant of the consequences of compliance and the failure to comply with the request and include an extra copy of the notice and request as well as prepaid means of compliance in writing. Fed. R. Civ. P. 4(d); 735 ILCS 5/2-213.

In the instant case, Giallanza served only a one-page "Alias Summons in a Civil Case," but not the Complaint, to Defendants' registered agent. Giallanza further tried to serve the Waiver form to Defendants' counsel rather than their registered agent twice, once being by electronic mail. This service did not comply with Rule 4(h) or 735 ILCS 5/2-204 because Giallanza failed to demonstrate that a copy of the Complaint and summons were served upon an officer, a managing or general agent, or any agent authorized by appointment or by law to receive service of process. In addition, a mailing, especially an electronic mailing, does not constitute "delivery" as required by Rule 4. *See Miles v. WTMX Radio Network*, 2002 WL 1359398 (N.D. Ill. June 20, 2002); *Dunmars v. City of Chicago*, 22 F. Supp. 2d 777, 781 (N.D. Ill. 1998) (*Dunmars*).

Furthermore, Giallanza did not perfect service in accordance with either Fed. R. Civ. P. 4(d) or 735 ILCS 5/2-213 because she failed to include a copy of the Complaint and initially sent the wrong date to respond.

Under Rule 4(m), service of the complaint and summons is to be made within 120 days after the filing of the complaint. In this case, Giallanza filed her Complaint on November 6, 2003; the 120-day period expired as of March 5, 2004. If the 120-day time period is not met, the court "shall dismiss the action without prejudice . . . or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period." Fed. R. Civ. P. 4(m). Furthermore, if the plaintiff cannot show good cause for the defect in service, the court still has the discretion to direct that service be effected within a specified time. *See Panaras v. Liquid Carbonic Indus., Inc.*, 94 F.3d 338, 340-41 (7th Cir. 1996) (*Panaras*).

"Good cause" is not defined but, rather, left to the discretion of the Court. *See* Fed. R. Civ. P. 4(m). Despite repeated failures to properly serve Defendants, Giallanza claims "good cause." Giallanza's conduct evidences, at best, excusable neglect and, at worst, professional incompetence, neither of which rises to the level of "good cause" for the purposes of Fed. R. Civ. P. 4(m). As such, Giallanza does not establish "good cause" under Rule 4.

While Giallanza has not established "good cause" to excuse her improper service, the Court has the discretion to extend the period of time to effect proper service. *See Panaras*, 94 F.3d at 340-41. Clarifying when such discretion is warranted, the Federal Rules note "[r]elief may be justified, for example, if the applicable statute of limitations would bar the refiled action." *See* Fed. R. Civ. P. 4(m), Advisory Committee Note, 1993 Amendments. In the present case, dismissing the suit, even without prejudice, would result in the statute of limitations' barring a refiled action. Granting an extension in this particular circumstance is clearly contemplated by the rule.

Defendants contend that granting a time extension to obtain proper service would prejudice them. Defendants also note that they did not evade service or conceal any defect in service and that they were in steady communication with Giallanza regarding the question of improper service. Regarding service, the notion of prejudice deals with the adequacy of notice to a party. "[T]he core function of service is to supply notice of the pendency of a legal action, in a manner and at a time that affords the defendant a fair opportunity to answer the complaint and present defenses and objections." *See Henderson v. United States*, 517 U.S. 654, 671 (1996).

Presently, even though service was improper, Defendants had notice of the impending legal action. Defendants attended two status conferences and were in steady contact with Giallanza, even repeatedly offering to waive service provided they were properly served with a Waiver form. As

4

such, there is no evidence of "significant" prejudice to the Defendants. Of course, neither should this ruling permitting the extension of time for service be construed as waiving the right to service; as the Seventh Circuit has noted, "the rule does not abolish a defendant's right to proper service of process." *See Troxell v. Fedders of North America, Inc.*, 160 F.3d 381, 383 (7th Cir. 1998). Moreover, dismissal without prejudice, and the resulting running of the statute of limitations, is contrary to the fact that "we recognize that courts generally prefer to resolve disputes on their merits instead of procedural technicalities." *See Fidelity & Deposit Co. v. Ramco Indus.*, 1996 WL 392164 at *3 (N.D. Ill. July 11, 1996).

While no "good cause" has been demonstrated by Giallanza, the Court finds that an extension of time to effect service is proper in the present case. Case law allows the extension of time for service even if there was no "good cause" for Giallanza's missing the deadline. *See Panaras*, 94 F.3d at 341. Giallanza may serve the summons and Complaint upon Defendants in any manner which otherwise complies with Rule 4 of the Federal Rules of Civil Procedure within thirty (30) days of the date of this Order. Plaintiff's failure to effect proper service within that time period will result in the dismissal of her Complaint.

## CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is denied.

Dated: July 8, 2004

JOHN W. DARRAH
United States District Judge

5